1

2

3

4

5

6

7              IN THE UNITED STATES DISTRICT COURT

8            FOR THE EASTERN DISTRICT OF CALIFORNIA

9    NATHAN R. SILVA,

10           Plaintiff,                    No. CIV S-03-1405 GGH

11       vs.

12   JO ANNE B. BARNHART,              ORDER
     Commissioner of
13   Social Security,

14           Defendants.
     _____/

15           Before the court is plaintiff's Motion for Attorney's Fees under the Equal Access

16   to Justice Act (EAJA), filed March 23, 2005.  The Commissioner asserts that the amount of fees

17   claimed is not reasonable.  In an order and judgment entered on December 22, 2004, this court

18   reversed a final decision of the Commissioner of Social Security ("Commissioner") denying

19   plaintiff's March 12, 2001 application for Supplemental Security Income ("SSI") under Title

20   XVI of the Social Security Act ("Act") and Disability Insurance Benefits ("DIB") under Title II

21   of the Act, granted plaintiff's motion for judgment on the pleadings in part, and remanded the

22   matter for further proceedings consistent with that order, including direction that the ALJ obtain

23   a more complete record.  As explained hereafter, the court will grant plaintiff's motion for

24   attorneys' fees, but only in part.

25           An applicant for benefits receiving a remand pursuant to sentence four of § 42

26

1

U.S.C. S 405(g) is a prevailing party, regardless of whether the applicant later succeeds in obtaining the requested benefits.  Schaefer v. Shalala, 509 U.S. 292, 113 S. Ct. 2625, 2631-32 (1993).  After Schaefer, pursuant to a sentence four remand, an applicant can recover attorney's fees incurred in proceedings before the district court.  Plaintiff has moved for an award of attorney's fees in the amount of $11,710.76 for 76.20 hours of work at $151.25/hour for work in 2003 and $153.75/hour for work in 2004 and 2005, and costs in the amount of $150, pursuant to The Equal Access to Justice Act, ("EAJA"), 28 U.S.C. § 2412(d)(1).  Plaintiff seeks a cost of living adjustment ("COLA") to the statutory cap on attorney's fees of $125/hour.

        The EAJA provides that the prevailing party in a civil action against the United States may apply for an order for attorney fees and expenses within 30 days of final judgment in the action.  "The EAJA was enacted to reduce the chance that 'the expense of litigation involved in securing the vindication of . . . rights' would deter 'defen[se] against unreasonable governmental action.'"  Wolverton v. Heckler, 726 F.2d 580, 582 (9th Cir. 1984), quoting H.R.Rep. No. 1418, 96th Cong., 2d Sess. 5, reprinted in 1980 U.S. Cong. & Ad. News 4984.  The court must allow the fee award unless it finds that the position of the United States was "substantially justified" or "special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).

        In this case, the judgment became final and unappealable on February 20, 2005, sixty days after judgment was entered.  However, because that date fell on a Sunday, the judgment actually was final on the following business day, February 21, 2005.  Fed. R. App. P. 26(a).  Plaintiff then had thirty days in which to file an application, or by March 23, 2005.  The application for EAJA fees was filed on that date, making his application timely.

        The Commissioner does not argue that the fees should not be granted because the position of the United States was justified or because other special circumstances make an award unjust.  The Commissioner, however, argues that the amount of fees requested is unreasonable.

        The EAJA directs the court to award a reasonable fee.  In determining whether a fee

1  is reasonable, the court considers the hours expended, the reasonable hourly rate, and the results

2  obtained.  See Commissioner, INS v. Jean, 496 U.S. 154, 110 S.Ct. 2316 (1990); Hensley v.

3  Eckerhart, 461 U.S. 424, 103 S.Ct. 1933 (1983); Atkins v. Apfel, 154 F.3d 986 (9th Cir.1998).

4  Taking a reasonable rate and multiplying it by a reasonable amount of expended hours is not the only

5  task left to the district court under the EAJA.  Atkins, 154 F.3d at 989.  The court must also consider

6  the results obtained.  Id.

7           In considering a reasonable rate for attorneys' fees, an increase in the statutory rate

8  of $125 may be justified to account for inflation.  See Ramon-Sepulveda v. INS, 863 F.2d 1458,

9  1463- 64 (9th Cir.1988) (adding inflationary adjustment to statutory maximum).  The COLA

10 adjustment to the statutory cap is computed by multiplying the cap by the consumer price index for

11 urban consumers for the year in which the fees were earned, then dividing by the consumer price

12 index figure on the date that the cap was imposed by Congress.  Russell v. Sullivan, 930 F.2d 1443

13 (9th Cir. 1991).  The national, rather than local change in cost of living should be applied to adjust

14 the EAJA rate cap because "if Congress had wanted to allow for cost of living adjustments in a

15 particular region or city, it could have done so in the statute."  Stewart v. Sullivan, 810 F. Supp.

16 1102, 1107 (D. Haw. 1993).  The court will apply the formula using the March 1996 national CPI

17 of 157.3, the national CPI for 2003 of 184.0, the national CPI for 2004 of 188.9, and the national

18 CPI for 2005 of 193.3.  See U.S. v. Real Property Known as 22249 Dolorosa Street, Woodland Hills,

19 Cal., 190 F.3d 977 (9th Cir.1999); Sorenson v. Mink, 239 F.3d 1140, 1148-49 (9th Cir. 2001) (fees

20 based on date legal services performed, not current date).  Accordingly, the court finds a reasonable

21 hourly rate for attorney time, adjusted for inflation, to be $146/hour for 2003, $150/hour for 2004,

22 and $154/hour for 2005.[1]

23          The court agrees with the Commissioner that the 76.20 hours expended by plaintiff's

24 counsel appears excessive for this straightforward social security case in which plaintiff has not yet

25 _____

26     [1] 2003: $125 x 184 ÷ 157.3 = $146.21; 2004: $125 x 188.9 ÷ 157.3 = $150.11; 2005:
$125 x 193.3 (March) ÷ 157.3 = $153.60.

3

1  received benefits.  See Paterson v. Apfel, 99 F. Supp. 2d 1212 n. 2 (C.D. Cal. 2000) (finding 33.75

2  hours plus 3.5 "fee" hours to be reasonable EAJA award; collecting cases).  For example, the court

3  finds 8 hours to be a reasonable amount for reading the administrative transcript and preparing the

4  statement of facts and statement of the case, particularly in light of the fact that the administrative

5  record was only 127 pages and the medical records comprised only 24 pages.  For these same

6  reasons, the court finds 20 hours sufficient to prepare the memorandum in support of the motion for

7  summary judgment.  Moreover, although plaintiff technically is the prevailing party on the remand,

8  plaintiff did not receive a final decision.  Accordingly, the court finds 36 hours to be a reasonable

9  amount of time expended.  Multiplied by the reasonable rates of $146/hour for two hours in 2003,

10  $150 per hour for 36.5 hours in 2004, and $154 per hour for 3.5 hours in 2005, a total attorney's fee

11  award in the amount of $6,306 is a reasonable fee award.

12  CONCLUSION

13         Accordingly, IT IS ORDERED that plaintiff's March 22, 2005 motion for EAJA fees

14  is granted in part and denied in part.  Plaintiff is awarded attorney's fees pursuant to the EAJA in the

15  amount of $6,306 and costs in the amount of $150 for a total amount of $6,456.

16  DATED: 10/26/05

17

18         /s/ Gregory G. Hollows

19         _____
       GREGORY G. HOLLOWS
       U.S. MAGISTRATE JUDGE

20  GGH/076
   Silva1405.eaja.wpd

21

22

23

24

25

26